UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 16 2016

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. |
| ALLAN WAYNE MCNEILL | § § | H 16 523 |

### CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A)  the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

> "actual or simulated -
> (i)  sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (ii)  bestiality; [or]
> (iii)  masturbation; [or]
> (iv)  sadistic or masochistic abuse; or
> (v)  [the] lascivious exhibition of the genitals or pubic area of any person."

1

4.     The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5.     The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6.     The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Distribution of Child Pornography)

On or about October 22, 2016, within the Southern District of Texas and elsewhere,

**ALLAN WAYNE MCNEILL,**

defendant herein, did knowingly distribute material that contained child pornography using any means and facility of interstate and foreign commerce, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

## COUNT TWO
### (Receipt of Child Pornography)

From on or about August 28, 2016, through on or about October 25, 2016, within the Southern District of Texas,

**ALLAN WAYNE MCNEILL,**

defendant herein, did knowingly receive material that contained child pornography using any means and facility of interstate and foreign commerce, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

## COUNT THREE
### (Possession of Child Pornography)

On or about October 26, 2016, within the Southern District of Texas,

**ALLAN WAYNE MCNEILL,**

defendant herein, did knowingly possess material that contained an image of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, or which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed a Sony Vaio laptop computer with a Western Digital hard drive, s/n WXC1AB0E1394; and a Verizon tablet computer, model #QMV7A all of which contained still images and videos of child pornography.

**In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

## NOTICE OF FORFEITURE
## 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Count One through Count Three of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Count One through Count Three; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Count One through Count Three, or any property traceable to such property, including, but not limited to, the following:

A Sony Vaio laptop computer with a Western Digital hard drive, s/n WXC1AB0E1394; and

A Verizon tablet computer, model #QMV7A.

A True Bill:

Original signature on File
Grand Jury Foreperson

KENNETH MAGIDSON
United States Attorney

By: *Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney
713-567-9465

4